UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| WILLIAM ISHAM MONTGOMERY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:15-cv-00087-TWP-TAB |
| | ) |
| SAM BEARD, LAVOIS DAVIS, CONNIE FERREE, | ) |
| | ) |
| Defendants. | ) |

**Entry Discussing Amended Complaint and Directing Entry of Final Judgment**

The complaint was dismissed for failure to state a claim upon which relief may be granted. Now before the Court is the amended complaint. For the reasons explained below, the amended complaint fails to correct the deficiencies identified in the original complaint and is dismissed for failure to state a claim.

The amended complaint is subject to the screening requirement of 28 U.S.C. § 1915A(b). Pursuant to this statute, "[a] complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show that plaintiff is not entitled to relief." *Jones v. Bock,* 549 U.S. 199, 215 (2007). In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston,* 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal under federal pleading standards,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Thus, a "plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that might be redressed by the law." *Swanson v. Citibank, N.A.,* 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

Plaintiff William Isham Montgomery, an inmate at the Clark County Jail, filed this civil action because he is unhappy with his placement in "lockdown." In the original complaint Mr. Montgomery alleges that this placement is inappropriate because he has not received a write up, he is not under investigation, he is not a member of a security threat group and he does not have a mental illness. In the amended complaint, Mr. Montgomery asserts that he **does** have a mental illness and given his enemy's placement in 2-A the only safe location for him is in 3-F, the "psych block." The defendants are Sam Beard, Iavois Davis, and Connie Ferree. Allegedly, Ms. Ferree, Dr. Davis and Major Beard have refused to move Mr. Montgomery to the psych block and have kept him in a lock down unit. Mr. Montgomery seeks five hundred dollars a day until he is released from lock down. He also seeks the termination of Dr. Davis and Mrs. Ferree's employment.

The amended complaint, like the original complaint, fails to state a plausible claim for relief against any defendant. The federal claims are necessarily asserted pursuant to 42 U.S.C. § 1983. A cause of action is provided by 42 U.S.C. § 1983 against "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. Section 1983 is not itself a source of substantive rights; instead, it is a means for vindicating federal rights conferred elsewhere. *Graham v. Connor,* 490 U.S. 386, 393-94 (1989) (citing *Baker v. McCollan,* 443 U.S. 137, 144 n.3 (1979)). The initial step in any § 1983

analysis is to identify the specific constitutional right which was allegedly violated. *Id*. at 394; *Kernats v. O'Sullivan,* 35 F.3d 1171, 1175 (7th Cir. 1994); *see also Gossmeyer v. McDonald,* 128 F.3d 481, 489-90 (7th Cir. 1997).

No viable federal claim has been identified in the complaint. This is because Mr. Montgomery (presumably a pretrial detainee) has not plausibly alleged that he has a liberty interest in avoiding lockdown or that the conditions of his confinement are sufficiently onerous to state a due process claim. These inquiries require knowing the conditions of Mr. Montgomery's confinement—details he has not divulged. *See Gibson v. Pollard*, No. 14-3140, 2015 WL 1680487, at *2 (7th Cir. Apr. 15, 2015) (*citing Hardaway v. Meyerhoff*, 734 F.3d 740, 743 (7th Cir. 2013). The complaint "must actually suggest that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level." *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs.*, 536 F.3d 663, 668 (7th Cir. 2008) (quoting *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008)).

The Entry of July 15, 2015, specifically instructed Montgomery that his complaint was deficient because it failed to describe the conditions of his confinement in lockdown and failed to allege facts which could support any claim against defendants Beard, Davis or Ferree based on the violation of the United States Constitution or federal law. The amended complaint is similarly devoid of the facts necessary to state a plausible claim for relief.

Accordingly, the amended complaint is dismissed pursuant to 28 U.S.C. § 1915A. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 10/9/2015

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

WILLIAM ISHAM MONTGOMERY
68194
CLARK COUNTY JAIL
Inmate Mail/Parcels
501 East Court Avenue
Jeffersonville, IN 47130